Case 10-21493    Doc 9    Filed 05/04/10    Entered 05/04/10 08:17:53    Desc Htfd. Ch. 13 Case Notice & Ord    Page 1 of 1

Form 13csntc

## UNITED STATES BANKRUPTCY COURT
## District of Connecticut

In Re: Judith P. Graham
      Debtor(s)

Case No.: 10−21493

Chapter: 13

### Chapter 13 Case Order and Notice

**IT IS HEREBY ORDERED** that the Debtor(s) appear before the Court in proper prosecution of this case in the following manner. The Debtor(s) shall:

(1) timely file the schedules, statements and Chapter 13 plan required by Fed. R. Bankr. P. 1007 and 3015, (*A motion for extension of time pursuant to Fed. R. Bankr. P. 1007(c) and/or 3015(b) shall state specific cause for an extension of time, the amount of additional time requested, the date the petition was filed, the date of the Section 341 Meeting, whether the Chapter 13 Trustee consents, objects or takes no position as to the requested extension, and shall be accompanied by a proof of service evidencing that the motion was served on the Chapter 13 Trustee)*; and

(2) commence making payments proposed by the plan (Section 1326 Payments) to the Chapter 13 Trustee within thirty (30) days after the plan is filed (*Unless and until a payroll deduction order is issued and effective, all plan payments shall be made by the Debtor(s) to the Chapter 13 Trustee by certified check or money order.)*; and

(3) attend the Section 341 Meeting on 6/10/10 at 10:00 AM and all continuations thereof; and

(4) provide to the Chapter 13 Trustee at least five (5) business days before the Section 341 Meeting: (a) evidence of current income (including the four (4) most recent pay stubs), (b) copies of Federal and State tax returns and accompanying W−2 Forms for the two (2) years immediately prior to the filing of the petition, and (c) if the Debtor has an interest in real property, and if the Chapter 13 Plan proposes to pay less than 100 percent plus interest on unsecured claims, an appraisal of each such property; and

(5) if the Debtor is self−employed or operating a business, provide to the Chapter 13 Trustee at least five (5) business days before the Section 341 Meeting, in addition to the material described in paragraph (4), above, the following: (a) a projection of average monthly income and expenses; (b) evidence of appropriate business insurance; (c) inventory of goods, as well as a list of furnishings and equipment as of the date of the filing of the petition; and

(6) attend the Chapter 13 plan confirmation hearing.

**NOTICE IS HEREBY GIVEN** that if the schedules, statements and Chapter 13 plan are not filed as ordered in paragraph (1) herein, a hearing to dismiss the case **with the prejudice of an order precluding the Debtor(s) from being a debtor pursuant to Title 11, United States Code, for a period of 180 days or more following the date of dismissal will be held at the United States Bankruptcy Court, 450 Main Street, 7th Floor, Hartford, CT on 5/25/10 at 10:00 am** and

**FURTHER NOTICE IS HEREBY GIVEN** that at any hearing held on (1) a motion to dismiss or convert pursuant to 11 U.S.C. §1307(c), (2) a Court's motion to dismiss for willful failure to abide by this or any other Order of the Court or to appear before the Court in proper prosecution of the case, or (3) the confirmation of a Chapter 13 plan should the Debtor(s) fail to attend, the **Court shall consider whether to dismiss this case with the prejudice of an order precluding the Debtor(s) from being a debtor pursuant to Title 11, United States Bankruptcy Code, for a period of 180 days or more following the date of dismissal; and**

**FURTHER NOTICE IS HEREBY GIVEN** that all motions or notices of dismissal pursuant to 11 U.S.C. §1307(b) shall be scheduled for a hearing at which **the Debtor(s) shall show cause why this Court should not dismiss this case with the prejudice of a bar precluding the Debtor from being a debtor pursuant to Title 11, United States Bankruptcy Code, for a period of 180 days or more following the date of such dismissal.**

Dated: 5/4/10

cc:  Judith P. Graham , Debtor(s)
      Beverly G. Carswell, Debtor's Atty
      Molly T. Whiton, Trustee
      U.S. Trustee

Albert S. Dabrowski
United States Bankruptcy Judge